**D**

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
Heidi R. Weintraub, Esquire / 008591993
James E. Burden, Esquire / 03331991
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
856-596-4100
Attorney for Plaintiff

**FILED**

**June 24, 2022**

Christopher D. Rafano, J.S.C.

| | |
|---|---|
| KELLY REITZER, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY LAW DIVISION |
| Plaintiff, | |
| v. | Civil Action |
| INNOVATIVE CLAIMS STRATEGIES, LLC, | Docket No.: MID-L-4486-21 |
| Defendant. | **ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT** |

This matter having been brought before the Court by James E. Burden, Esquire, of

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., counsel for the Plaintiff, for an Order

permitting the filing of Plaintiff's First Amended Complaint, and the Court having considered the

submissions of counsel and good cause having been shown,

IT IS, on this __24th__ day of June, 2022, ORDERED that Plaintiff's Motion to File First

Amended Complaint in the form annexed to Plaintiff's Counsel's Certification as **Exhibit 4** be

and hereby is granted; said First Amended Complaint shall be filed within ten (10) days of the date

hereof.

BY: _s/ Christopher D. Rafano_
Hon. Christopher D. Rafano  J.S.C.

_____ Opposed

__X__ Unopposed

Having reviewed the above motion, I find it to be
meritorious on its face and it is unopposed. Therefore,
pursuant to R. 1:6-2, it is GRANTED substantially for
the reasons set forth in the moving papers.

# E

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
Heidi R. Weintraub, Esquire / 008591993
James E. Burden, Esquire / 03331991
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
856-596-4100
Attorney for Plaintiff

| | |
|---|---|
| KELLY REITZER,<br><br>        Plaintiff,<br><br>        v.<br><br>INNOVATIVE CLAIMS STRATEGIES,<br>LLC,<br><br>        Defendant.<br>. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>Civil Action<br><br>Docket No.:  MID-L-4486-21<br><br>**FIRST AMENDED COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Kelly Reitzer, residing at 26 Shore Drive, Warren, Rhode Island 02885, by way of First Amended Complaint against Defendant, Innovative Claims Strategies, LLC, says:

## NATURE OF THIS ACTION

1.   This is an action to remedy sexual harassment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("LAD") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-1, *et seq.* ("the Wage and Hour Law") and retaliation in violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-4.10(a).

## VENUE

2.   Pursuant to Rule 4:3-2(b) venue is properly laid in Middlesex County because Innovative Claims Strategies, LLC ("ICS") is located and does business in Middlesex County.

**PARTIES**

3.  At all times relevant hereto, Plaintiff Kelly Reitzer (Ms. Reitzer") was an employee of ICS as that term is defined by the LAD, <u>N.J.S.A.</u> 10:5-5(f), Title VII and the Wage and Hour Law, <u>N.J.S.A.</u> 34:1104.1 (b).

4.  At all times relevant hereto, ICS was Ms. Reitzer's employer as that term is defined by the LAD, <u>N.J.S.A.</u> 10:5-5(e), Title VII and the Wage and Hour Law, <u>N.J.S.A.</u> 34:11-4.1(a).

5.  At all times relevant herein, ICS designs, implements and manages customized medical cost-containment and technology service models to its clients and provides assistance to those clients in an effort to contain medical costs and increase positive medical outcomes. ICS specializes in applying advanced communication and information-technology to improve healthcare management for workers' compensation, health and automobile and liability claims management.

6.  At all times relevant hereto, ICS maintains offices for the transaction of business at 30 Knightsbridge Road, Suite 525-229, Piscataway, New Jersey 08854.

**COUNT ONE**

**(Sexual Harassment in Violation of the LAD)**

7.  On January 9, 2017, ICS hired Ms. Reitzer as its Vice President-Business Development. Prior to her employment by ICS, Ms. Reitzer had over fifteen (15) years of experience in the field and had significant business contacts which she brought with her to her employment with ICS.

2

8.      Ms. Reitzer's primary job duties included, but were not limited to, identifying and developing business relationships and opportunities that would generate organic growth for ICS.

9.      Ms. Reitzer's compensation package included a base salary of $90,000 per year, as well as quarterly commissions of 3-5% depending on the size of the bill review volume or the size of the client, an additional payment of $150 to $200 for each Medicare Set-Aside ("MSA") referral she obtained for the company and a monthly car allowance of $650.00.

10.     Thereafter, Ms. Reitzer met or exceeded ICS' performance expectations.

11.     Ms. Reitzer reported directly to ICS' Chief Operating Officer ("COO"), Carlos Navarro.

12.     As ICS' COO, Mr. Navarro was a member of ICS' "upper management" as that term is defined by Cavuoti v. New Jersey Transit Corp., 161 N.J. 107, 128-129 (1999) and was a decision-maker with respect to Ms. Reitzer's employment.

13.     At all times relevant hereto, Kay Estes was ICS' Chief Executive Officer ("CEO").

14.     As ICS' CEO, Ms. Estes was a member of ICS' "upper management" as that term is defined by Cavuoti v. New Jersey Transit Corp., 161 N.J. 107, 128-129 (1999) and was a decision-maker with respect to Ms. Reitzer's employment.

15.     At all times relevant hereto, Mr. Navarro and Ms. Estes were engaged in a romantic relationship, which, as discussed herein, often negatively impacted Ms. Reitzer's work environment.

16.     In or about January, 2017, Ms. Reitzer visited Mr. Navarro and Ms. Estes' beach house located in Normandy Beach, New Jersey for her onboarding and to collect her company computer. Ms. Reitzer and Mr. Navarro went to dinner at a local restaurant. During the meal, Mr. Navarro made numerous sexual overtures towards Ms. Reitzer, and went so far

3

as to trying to kiss Ms. Reitzer and grabbed her hands and legs. Mr. Navarro's conduct was unwelcome and Ms. Reitzer rejected Mr. Navarro's sexual advances.

17.     In an effort to stop Mr. Navarro's unwanted sexual advances, Ms. Reitzer repeatedly called and texted Ms. Estes asking her to come to the restaurant. Even after Ms. Estes arrived, Mr. Navarro continued to grab Mr. Reitzer's leg under the table. Again, this conduct was unwelcome and created a hostile work environment.

18.     Mr. Navarro continued to sexually harass Ms. Reitzer during her employment with ICS. By way of example, and without limitation, in or about 2018, Ms. Reitzer and Mr. Navarro attended a business meeting in Maryland, at which time they met for dinner. During the meal, Mr. Navarro told Ms. Reitzer that he and Ms. Estes would not remain together as a couple if and when they could sell ICS. Ms. Reitzer interpreted this comment as a sexual overture and rejected Mr. Navarro's sexual advance telling him that his personal life was none of her business.

19.     Thereafter, in or about 2018, Ms. Reitzer, Mr. Navarro and Ms. Estes traveled to Norway on a company trip. After they returned, Ms. Reitzer asked Mr. Navarro to send her the photos he had taken on the trip so that she [Ms. Reitzer] could make a picture book for Ms. Estes. On April 4, 2018, at 6:11 a.m., Mr. Navarro sent Ms. Reitzer an email from his personal email carlosmnavarro25@gmail.com to Ms. Reitzer's personal email kelly.reitzer@gmail.com attached to which was a link to the pictures. A true copy of Mr. Navarro's email is attached hereto as **Exhibit 1**. Contained in the pictures was a picture of Mr. Navarro's penis. While Ms. Reitzer still has the email from Mr. Navarro, the link with the pictures is no longer active and appears to have been deleted from the cloud. Thus, it appears that Mr. Navarro has destroyed and/or spoliated evidence in this case.

4

20. Ms. Reitzer was upset and offended by Mr. Navarro's outrageous behavior and never sought nor welcomed any pictures of Mr. Navarro's penis. Ms. Reitzer forwarded Mr. Navarro's email to a friend, who confirmed that the link contained a picture of Mr. Navarro's penis.

21. In or about November, 2019, Ms. Reitzer, Mr. Navarro, Ms. Estes and Farrah Betty, a new ICS employee, were in Galveston, Texas for a business-related conference. At one point, both Ms. Betty and Mr. Navarro left the building to smoke and were outside at the same time. When Ms. Betty returned, Ms. Estes became angry and belligerent towards her. When Mr. Navarro returned, he stated to both Ms. Betty and Ms. Reitzer that Ms. Estes was "upset" because she [Ms. Estes] thought that Ms. Betty was "outside sucking my cock." Both Ms. Betty and Ms. Reitzer were offended by this outrageous statement.

22. On another occasion, Ms. Reitzer sent Mr. Navarro a LinkedIn post about an article that applied to our services, which was written by a woman. Mr. Navarro responded with a sexist comment noting that the author was "hot." Thus, Mr. Navarro made it clear that he viewed women simply as sex objects.

23. During Ms. Reitzer's employment with ICS, she and other employees were frequently exposed to Mr. Navarro and Ms. Estes' volatile relationship. Mr. Navarro and Ms. Estes frequently cursed and yelled at each other during business conference calls.

24. Mr. Navarro continued to sexually harass Ms. Reitzer during her employment with ICS, despite her repeated rejections of his sexual advances and her request that he cease his sexually harassing comments and conduct.

25. In or about the end of 2020, Ms. Reitzer asked Mr. Navarro about her unpaid commissions and Mr. Navarro responded that he would get back to her. Shortly thereafter, Mr. Navarro

gave Ms. Reitzer a performance review. This was the first performance review Ms. Reitzer had ever received during her employment with the company, and it was extremely negative. There was no factual basis for the negative performance evaluation. For example, and without limitation, the revenue report Mr. Navarro prepared as part of the performance evaluation as completely inaccurate and misrepresented Ms. Reitzer's true revenue generation.

26. In addition, Mr. Navarro also claimed, for the first time, that Ms. Reitzer was being paid on a draw as opposed to a salary and that she was required to earn her "salary" and benefits revenue before she was entitled to any commission.

27. Thus, after Ms. Reitzer complained about not being paid her commissions, Mr. Navarro retaliated against her by giving her a false performance evaluation and effectively changing her compensation structure in order to avoid paying Ms. Reitzer the commission she had earned.

28. After receiving the false performance evaluation, Ms. Reitzer formed the reasonable belief that ICS and/or Mr. Navarro were acting illegally and began to compile information to share with legal counsel in order to determine whether she had any viable causes of action against ICS. This action was protected conduct under the LAD, N.J.S.A. 10:5-12(d).

29. As a result of the foregoing, on February 3, 2021, Ms. Reitzer was constructively discharged by ICS.

30. ICS, by and through the actions of Mr. Navarro, created a hostile work environment in violation of the LAD.

31. ICS acted negligently, recklessly or intentionally by:

(a)      failing to have in place a well-publicized and enforced anti-sexual harassment policy;

(b)      failing to mandate anti-sexual harassment training for its supervisors, managers, agents, and employees;

(c)      failing to properly train its supervisors, managers, agents, and employees regarding compliance with any anti-sexual harassment policy promulgated by it;

(d)      failing to properly supervise its supervisors, managers, agents, and employees to ensure compliance with any anti-sexual harassment policy promulgated by it;

(e)      failing to make an unequivocal commitment from the top of the organization that any anti-sexual harassment policy is not just words but backed up by consistent practice;

(f)      failing to protect Ms. Reitzer from sexual harassment in the work place;

(g)      explicitly or implicitly condoning sexual harassment by its supervisors, managers, agents, and employees; and

(h)      failing to take appropriate disciplinary action against Defendant's supervisors, managers, agents and employees who sexually harassed Ms. Reitzer.

32.     Based on the foregoing, ICS negligently, recklessly and/or intentionally failed to take prompt, appropriate and reasonable remedial action to prevent, stop and remedy the sexual harassment aimed at Ms. Reitzer. By and through its agents, ICS fostered a sexually harassing atmosphere and allowed actions which constitute sexual harassment in violation of the LAD.

33.     ICS, with malice or willful or wanton disregard of Ms. Reitzer's rights, fomented a hostile work environment in violation of the LAD.

34. As a result of the foregoing, Ms. Reitzer has been harmed.

35. As a direct and proximate result of ICS' knowing violations of Ms. Reitzer's rights under the LAD, Ms. Reitzer has sustained economic losses, severe emotional distress, personal physical injury, humiliation, embarrassment, mental anguish and loss of personal dignity. WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, costs of suit, together with such other relief as is deemed to be just and equitable by the Court.

## COUNT TWO

### (Sexual Harassment in Violation of Title VII)

36. Plaintiff incorporates the preceding paragraphs of the Complaint as though set forth at full herein.

37. ICS, by and through the actions of Mr. Navarro, created a hostile work environment in violation of Title VII.

38. ICS acted negligently, recklessly or intentionally by:

   (a) failing to have in place a well-publicized and enforced anti-sexual harassment policy;

   (b) failing to mandate anti-sexual harassment training for its supervisors, managers, agents, and employees;

   (c) failing to properly train its supervisors, managers, agents, and employees regarding compliance with any anti-sexual harassment policy promulgated by it;

   (d) failing to properly supervise its supervisors, managers, agents, and employees to ensure compliance with any anti-sexual harassment policy promulgated by it;

8

(e)     failing to make an unequivocal commitment from the top of the organization that any anti-sexual harassment policy is not just words but backed up by consistent practice;

(f)     failing to protect Ms. Reitzer from sexual harassment in the work place;

(g)     explicitly or implicitly condoning sexual harassment by its supervisors, managers, agents, and employees; and

(h)     failing to take appropriate disciplinary action against Defendant's supervisors, managers, agents and employees who sexually harassed Ms. Reitzer.

39.     Based on the foregoing, ICS negligently, recklessly and/or intentionally failed to take prompt, appropriate and reasonable remedial action to prevent, stop and remedy the sexual harassment aimed at Ms. Reitzer.  By and through its agents, ICS fostered a sexually harassing atmosphere and allowed actions which constitute sexual harassment in violation of Title VII.

40.     ICS, with malice or willful or wanton disregard of Ms. Reitzer's rights, fomented a hostile work environment in violation of Title VII.

41.     As a result of the foregoing, Ms. Reitzer has been harmed.

42.     As a direct and proximate result of ICS' knowing violations of Ms. Reitzer's rights under Title VII, Ms. Reitzer has sustained economic losses, severe emotional distress, personal physical injury, humiliation, embarrassment, mental anguish and loss of personal dignity. WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, costs of suit, together with such other relief as is deemed to be just and equitable by the Court.

## COUNT THREE

### (Violation of the Wage and Hour Law)

43. Plaintiff incorporates the preceding paragraphs of the Complaint as though set forth at full herein.

44. The Wage and Hour Law requires that an employer, like ICS, pay its employees the full amount of wages due and owing to them and the employer's failure to do so constitutes a violation of the statute, N.J.S.A. 34:11-4.10.

45. The Wage and Hour Law defines the term "wages" as follows:

> "Wages" means the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto.

[N.J.S.A. 34:11-4.1(c).]

46. ICS deliberately failed and refused to pay Ms. Reitzer the commission she had earned and were due and owing to her.

47. As a result, ICS has violated the Wage and Hour Law.

48. As a result of the foregoing, Ms. Reitzer has been harmed.

49. As a direct and proximate result of ICS' knowing violations of Ms. Reitzer's rights under the Wage and Hour Law, Ms. Reitzer has sustained economic losses.

WHEREFORE, Plaintiff demands judgment against ICS for compensatory damages, liquidated damages, attorneys' fees, costs of suit, together with such other relief as is deemed to be just and equitable by the Court.

## COUNT FOUR

### (Retaliation in Violation of the Wage and Hour Law)

50. Plaintiff incorporates the preceding paragraphs of the Complaint by reference as though set forth at full herein.

51. The Wage and Hour Law prohibits retaliation by an employer against an employee who has complained about the employer's failure to pay wages which are due and owing to the employee, N.J.S.A. 34:11-4.10(a).

52. As set forth above, in or about the end of 2020, Ms. Reizter complained to Mr. Navarro about ICS' failure to pay her commissions which she had earned and which were due and owing to her.

53. Thereafter, Mr. Navarro retaliated against Ms. Reizter by falsely criticizing her performance, unilaterally changing her compensation package retroactively and constructively terminating her employment.

54. As such, Mr. Navarro and ICS retaliated against Ms. Reitzer in violation of the Wage and Hour Law, N.J.S.A. 34:11-4.10(a).

55. As a result of the foregoing, Ms. Reitzer has been harmed.

56. As a direct and proximate result of ICS' knowing violations of Ms. Reitzer's rights under the Wage and Hour Law, Ms. Reitzer has sustained economic losses.

WHEREFORE, Plaintiff demands judgment against ICS for compensatory damages, liquidated damages, attorneys' fees, costs of suit, together with such other relief as is deemed to be just and equitable by the Court.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.


By:_*Heidi R. Weintraub* /s/___
      HEIDI R. WEINTRAUB

By:_*James E. Burden* /s/___
      JAMES E. BURDEN

Dated: June 27, 2022

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Defendant's employment, to Defendant's cause of action and/or prayers for relief, to any defense to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues and claims.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Heidi R. Weintraub, Esquire and James E. Burden, Esquire as trial counsel in this matter.

## CERTIFICATION

The undersigned counsel certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time. I certify the foregoing to be true. I am aware if the above is willfully false, I am subject to punishment.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.

By:____*Heidi R. Weintraub* /s/____
    HEIDI R. WEINTRAUB

By:____*James E. Burden* /s/____
    JAMES E. BURDEN

Dated: June 27, 2022

13

F

The Law Office of Jonathan E. Hill (Attorney ID 032361988)
52 South Street
Second Floor
Morristown, New Jersey 07960
973-898-1119 (phone)
973-898-1176 (FAX)

Attorney for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY
DOCKET NO. MID-L-4486-21

KELLY REITZER,

     Plaintiff,

vs.

INNOVATIVE CLAIMS STRATEGIES,
LLC,

     Defendant.

:     Civil Action

:

:     ANSWER TO AMENDED COMPLAINT
     WITH COUNTERCLAIM

:

Plaintiff, Innovative Claims Strategies, LLC ("ICS"), a New Jersey limited-liability company with its principal place of business located at 30 Knightsbridge Road, Suite 525-229, Piscataway, New Jersey 08854, in response to the Amended Complaint in the above-referenced matter, states as follows:

1. Except to admit that plaintiff purports to bring this action under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. §2000e *et seq.*, and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-4.10(a) ("NJWHL"), defendant denies the allegations contained in Paragraph 1 of the

1

Amended Complaint, and specifically denies that it engaged in actions in violation of the NJLAD, Title VII, or the NJWHL

2. Defendant admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Except to admit that plaintiff was employed by defendant from January 9, 2017, until her voluntary resignation in February 2021, defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4. Except to admit that plaintiff was employed by defendant from January 9, 2017, until her voluntary resignation in February 2021, defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

## COUNT ONE

7. Except to admit that plaintiff was employed by defendant from January 9, 2017, until her voluntary resignation in February 2021, and to deny that plaintiff brought "significant business contacts … with her to her employment with ICS," defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12. Except to admit that Mr. Navarro holds the position of Chief Operating Officer at ICS, defendant neither admits nor denies the allegations contained in Paragraph 12 of the Amended Complaint because those allegations assert a legal conclusion to which no response is required.

13. Defendant admits the allegations contained in Paragraph 13 of the Amended Complaint.

14. Except to admit that Ms. Estes holds the position of Chief Executive Officer at ICS, defendant neither admits nor denies the allegations contained in Paragraph 14 of the Amended Complaint because those allegations assert a legal conclusion to which no response is required.

15. Except to admit that Ms. Estes and Mr. Navarro have a personal romantic relationship, defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Except to admit that in or around January 2017 plaintiff visited Ms. Estes's and Mr. Navarro's house in Normandy Beach, New Jersey, and that at that time she was given a laptop computer and cellular telephone that were to be used in her work for ICS, defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

3

18.   Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Except to admit that in or around November 2018 plaintiff accompanied Ms. Estes and Mr Navarro on a trip to Norway, defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.   Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.   Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.   Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.   Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.   Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Except to admit that plaintiff was presented with a performance evaluation on or around January 13, 2021, and to refer to that evaluation for its full and exact contents, defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Except to note that plaintiff worked for more than 3 years without being paid any commissions because both she and ICS knew that such commissions were not part of her

compensation, defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Except to state that plaintiff voluntarily resigned her employment in February 2021, defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint, and further denies that plaintiff is entitled to any of the relief demanded in Count One of the Amended Complaint.

## COUNT TWO

36. Defendant repeats and makes a part hereof as if set forth in full its responses to each of the allegations contained in Paragraphs 1 through 35 of the Amended Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint, and further denies that plaintiff is entitled to any of the relief demanded in Count Two of the Amended Complaint

6

## <u>COUNT THREE</u>

43.  Defendant repeats and makes a part hereof as if set forth in full its responses to each of the allegations contained in Paragraphs 1 through 42 of the Amended Complaint.

44.  Except to state there is no factual allegation set forth in this Paragraph, and to refer to N.J.S.A. 34:11-4.10 for its full and exact contents, defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.  Except to state there is no factual allegation set forth in this Paragraph, and to refer to N.J.S.A. 34:11-4.1(c) for its full and exact contents, defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.  Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.  Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.  Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.  Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint, and further denies that plaintiff is entitled to any of the relief demanded in Count Three of the Amended Complaint.

## COUNT FOUR

50. Defendant repeats and makes a part hereof as if set forth in full its responses to each of the allegations contained in Paragraphs 1 through 49 of the Amended Complaint.

51. Except to state there is no factual allegation set forth in this Paragraph, and to refer to N.J.S.A. 34:11-4.10 for its full and exact contents, defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint, and further denies that plaintiff is entitled to any of the relief demanded in Count Four of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

8

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was not employed in the State of New Jersey, and therefore her rights and remedies are not properly subject to the New Jersey statutes upon which her claims are based.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for harassment or a hostile work environment are barred and/or any recovery of damages is precluded because plaintiff unreasonably failed to take advantage of preventive and corrective opportunities or to avoid harm otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

On the facts and claims alleged, plaintiff is not entitled to an award of compensatory or punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

9

## NINTH AFFIRMATIVE DEFENSE

No employment contract, agreement or covenant regarding commissions, verbal or written, expressed or implied, existed at any time between plaintiff and defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for harassment or a hostile work environment are barred and/or any recovery of damages is precluded because defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she was constructively discharged or subjected to any adverse employment action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's sexual harassment claim is barred because she cannot establish that she was offended by the alleged behavior, or that it was "severe" or "pervasive" or created a "hostile or abusive" working environment.

## THIRTEENTH AFFIRMATIVE DEFENSE

The retaliation claim fails as a matter of law because the alleged retaliatory acts are not actionable under the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not earn any commission payments to which she claims to be entitled.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and her alleged economic damages are barred, cut-off, or reduced by the doctrine of after-acquired evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in protected conduct that would support a claim of unlawful retaliation.

WHEREFORE, defendant denies that plaintiff is entitled to any of the relief demanded in the Amended Complaint, and respectfully requests that this Court dismiss the Amended Complaint in its entirety, with prejudice, and grant defendant such other relief as the Court may deem just and proper.

## **COUNTERCLAIM**

1. During plaintiff's employment with defendant/Counterclaimant, Innovative Claims Strategies, LLC ("ICS"), she forwarded, saved, and retained numerous documents and files that contained business information that ICS considered to be confidential and proprietary in nature, some or all of which constituted trade secrets under relevant law (the "Confidential and Proprietary Material").

2. Plaintiff did not return that Confidential and Proprietary Material upon the termination of her employment, despite her obligation to do so, nor did she destroy the Confidential and Proprietary Material in her possession.

3. On June 21, 2021, ICS filed in the Superior Court of New Jersey, Chancery Division, Middlesex County, a Verified Complaint and an Order to Show Cause against plaintiff, Kelly Reitzer, in an action titled Innovative Claims Strategies, LLC v. Kelly Reitzer, Docket No. MID-C-00087-21 (the "Action for Return of Documents").

4. ICS's Verified Complaint sought damages for Ms. Reitzer's violations of a written contract and various relevant statutes and the common law, based on Ms. Reitzer's misappropriation of the Confidential and Proprietary Material belonging to ICS. The Verified Complaint also sought a temporary restraining order and preliminary and permanent injunctive relief against Ms. Reitzer.

5. ICS's Verified Complaint contained six separate counts, including allegations that Ms. Reitzer had violated the Defense of Trade Secrets Act (18 U.S.C. §1839), the New Jersey Trade Secrets Act (N.J.S.A. 56:15-2), the Rhode Island Uniform Trade Secrets Act (R.I. Stat. 6:41-1), and the New Jersey Computer-Related Offenses Act (N.J.S.A. 2A:38A-1 *et seq.*). ICS sought, among other remedies, the cost of investigating and litigating those claims caused by Ms. Reitzer's actions, including reasonable attorneys' fees.

6. An Order to Show Cause with Temporary Restraints was entered on June 23, 2021, by the Hon. Lisa M. Vignuolo in the Action for Return of Documents, preliminarily enjoining and restraining Ms. Reitzer from using or disclosing ICS's confidential and proprietary information in her possession, and ordering her to produce her electronic devices and cloud sites to be examined at her expense to ensure the removal of ICS's Confidential and Proprietary Material.

7. Among the items in Ms. Reitzer's possession revealed during the Action for Return of Documents were more than 100 screen shots of images containing proprietary and confidential information about ICS clients, including contact names, e-mail addresses, and telephone numbers.

8. ICS and Ms. Reitzer ultimately resolved the dispute in the Action for Return of Documents, with Ms. Reitzer certifying (among other things) that she had not disclosed any of the Confidential and Proprietary Material to any third party, and agreeing to have items that had been identified in a forensic search deleted from her devices and storage sites.

9. The parties' resolution expressly left open for ICS the opportunity to apply to the Court for recovery of all or a portion of its litigation costs, consistent with the statutes under which the Action for Return of Documents had been filed.

8. Accordingly, consistent with the resolution of the Action for Return of Documents, ICS now seeks recovery of its litigation costs, including reasonable attorneys' fees, incurred in the Action for Return of Documents.

WHEREFORE, ICS requests that the Court enter judgment in its favor on the Counterclaim against Ms. Reitzer, awarding it the costs of litigation and reasonable attorneys' fees incurred by it in prosecuting the Action for Return of Documents, in addition to any other relief that the Court deems equitable, just and proper.

Respectfully submitted,

JONATHAN E. HILL, ESQ.
Attorney for Defendant


_____
JONATHAN E. HILL

DATED: July 4, 2022.


## DESIGNATION OF TRIAL COUNSEL

Defendant hereby designates Jonathan E. Hill, Esq., as trial counsel in this action.


JONATHAN E. HILL, ESQ.
Attorney for Defendant


_____
JONATHAN E. HILL

DATED: July 4, 2022.

14

<u>CERTIFICATION</u>

I hereby certify pursuant to *R.* 4:5-1 that this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I am unaware of any non-party who should be joined in this action pursuant to *R.* 4:28 or who is subject to joinder pursuant to *R.* 4:29-1(b) because of potential liability to any party based on the same transactional facts.

JONATHAN E. HILL, ESQ.
Attorney for Defendant


JONATHAN E. HILL

DATED: July 4, 2022.